**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARION C. JOHNSON,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
AT-0353-13-4664-I-2

DATE: September 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marion C. Johnson</u>, East Point, Georgia, pro se.

<u>Tammie Philbrick</u>, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal without prejudice to refiling to allow him to demonstrate that he is capable of understanding and responding to the Board's orders or to obtain representation before the Board. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to provide for automatic refiling of the appellant's appeal, we AFFIRM the initial decision, which is now the Board's final decision.

## BACKGROUND

¶2 Effective February 5, 2013, the agency removed the appellant from his position of Maintenance Mechanic at the agency's Atlanta Network Distribution Center. *Johnson v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-4664-I-1, Initial Appeal File (IAF), Tab 5 at 20, 36. On August 20, 2013, the appellant filed an appeal of his removal and requested a hearing.[2] IAF, Tab 1.

¶3 On September 26, 2013, the administrative judge issued an order on timeliness. IAF, Tab 9. She informed the appellant that his appeal may be untimely filed and that he has the burden of proving by preponderant evidence that his appeal was filed on time or that good cause exists for the filing delay. *Id.* at 1-3. She ordered him to file evidence and argument on the timeliness issue and

---

[2] Although the initial appeal was docketed as a restoration appeal, the administrative judge found that the appellant failed to meet the jurisdictional requirements for a restoration appeal and noted that he was attempting to appeal his removal. *Johnson v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-4664-I-2, Appeal File, Tab 133 at 2.

apprised him of the criteria to show that an illness prevented him from timely filing his appeal. *Id.* at 3-4. The appellant did not file a response.

¶4 Without holding a hearing or reaching the timeliness issue, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling to allow the appellant the opportunity to apply for disability retirement. IAF, Tab 15, Initial Decision at 2. She informed the appellant that he could refile his appeal, if necessary, by August 31, 2014, or within 30 days of a final decision by the Office of Personnel Management (OPM) regarding his application for disability retirement, whichever occurred earlier. *Id.*

¶5 OPM denied the appellant's application for disability retirement on August 13, 2015, and he asserted that he filed a request for reconsideration of the decision. *Johnson v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-4664-I‑2, Appeal File (I-2 AF), Tab 43 at 4-7, Tab 113. The administrative judge noted that the status of the appellant's reconsideration request is unknown. I-2 AF, Tab 157, Initial Decision (I-2 ID) at 1 n.2.

¶6 On August 25, 2015, the appellant refiled his removal appeal and requested a hearing. I-2 AF, Tab 1.[3] On June 7, 2016, the administrative judge issued a second order on timeliness. I-2 AF, Tab 136. She informed the appellant that his initial appeal appeared to be untimely filed and that he had a second opportunity to prove that his initial appeal was timely filed or that good cause exists for the filing delay. *Id.* at 1-3. She apprised him again of the criteria to show that an illness prevented him from timely filing his appeal and ordered him to file evidence and argument on the timeliness issue. *Id.* at 3-4. He filed multiple submissions in response. I-2 AF, Tabs 137‑55.

¶7 Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling to allow the appellant

---

[3] The administrative judge made a typographical error in stating that the instant appeal was filed on "August 25, 2016." I-2 ID at 1.

to demonstrate that he is capable of understanding and responding to the Board's orders or to obtain representation before the Board. I-2 ID at 4-5. The administrative judge stipulated that, to be timely filed, the appellant must refile his removal appeal by the earliest of one of the following events: (1) within 30 days from the date he is informed by a medical health professional that he is able to understand the current Board proceedings and/or assist his designated representative in Board proceedings; (2) within 60 days from the date he has an attorney or other individual who is willing to represent him before the Board; or (3) by January 31, 2017. I-2 ID at 4.

¶8 The appellant has filed a petition for review. *Johnson v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-4664-I-2, Petition for Review (PFR) File, Tabs 1-3. The agency has filed a response. PFR File, Tab 6. The appellant has filed a reply to the agency's response. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9 An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option committed to her sound discretion. *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009). The Board has held that an administrative judge sua sponte may dismiss an appeal without prejudice when such a dismissal is in the interests of fairness, due process, and administrative efficiency. *Gidwani v. Department of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997).

¶10 Based on our review of the record, we find that the administrative judge properly exercised her discretion in dismissing the appellant's appeal without prejudice to refiling in the interest of fairness. I-2 ID at 4; I-2 AF, Tabs 35, 118, 123; *cf. Argabright v. Department of Defense*, 113 M.S.P.R. 152, ¶ 7 (2010) (remanding the appeal for further development of the record regarding the appellant's medical condition on which the administrative judge based his decision to dismiss the appeal without prejudice to refiling). We further find that

it was within her discretion to determine that it was in the interest of fairness to offer the appellant an opportunity to refile his appeal when he is medically capable of understanding and responding to the Board's orders or able to obtain representation before the Board. I-2 ID at 4. Additionally, we find that it was within her discretion to find that the appellant had presented insufficient evidence to conclude that his illness prevented him from timely filing his initial appeal. I‑2 ID at 3-4.

¶11 Although the appellant claims that the administrative judge "ignored" the evidence of his medical condition and personal family circumstances, her failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. PFR File, Tab 8 at 8-9; *see Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (recognizing that the administrative judge's failure to mention all the evidence of record did not mean that she did not consider it in reaching her decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Further, we have reviewed the record below and find that the appellant has not presented sufficient evidence to explain why he could not file his initial appeal until August 20, 2013, when he was removed on February 5, 2013. Additionally, to the extent the appellant alleges that he understands the timeliness issue, he may refile his removal appeal with the regional office after being informed by a medical health professional that he is able to understand the current Board proceedings. I-2 ID at 4.

¶12 The appellant's remaining arguments on review do not provide a reason to disturb the initial decision. First, the appellant argues that he did not have a reasonable opportunity to respond to the administrative judge's orders on timeliness. PFR File, Tab 8 at 8‑9. We disagree and find that the appellant had the opportunity to respond to the second timeliness order because he filed multiple submissions after its issuance. I-2 AF, Tabs 137‑55. To the extent he argues that he was not afforded an opportunity to object to the dismissal of his

appeal without prejudice, we find that his substantive rights were not harmed because he was able to raise his objections on review. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶13    Next, the appellant alleges that he was removed on February 5, 2012, not on February 5, 2013, and that this factual error resulted in a harmful procedural error. PFR File, Tab 8 at 4-7, 9. He further claims that the administrative judge committed harmful procedural error by not ruling on his motions and responding to procedural questions, violated the Board's policy on pro se appellants in the Judges' Handbook, and demonstrated a lack of candor. PFR File, Tab 3 at 3, Tab 8 at 8. However, we find that these arguments are not relevant to the dispositive issue of whether the administrative judge abused her discretion in dismissing the appeal without prejudice based on her determination that he was not capable of understanding or responding to her timeliness order, and thus, they do not provide a reason to disturb the initial decision. *See, e.g.*, *Gingery*, 111 M.S.P.R. 134, ¶ 11 (finding that the appellant's arguments on the merits of the appeal were irrelevant to the issue of whether the administrative judge abused her discretion in dismissing the appeal without prejudice to refiling).

¶14    Finally, we find the appellant's broad allegation of the administrative judge's purported bias insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. PFR File, Tab 8 at 8; *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶15    We modify the administrative judge's refiling instructions to provide for automatic refiling of the appellant's removal appeal. *See, e.g.*, *Gingery*, 111 M.S.P.R. 134, ¶¶ 13-14 (applying automatic refiling of an appeal under the Veterans Employment Opportunities Act of 1998 that was dismissed without prejudice). The administrative judge has placed the burden of refiling on the appellant despite sua sponte dismissing his appeal without prejudice based on her

determination that he is not capable of understanding and responding to the Board's orders.  Given these circumstances, we believe that requiring the appellant to refile his appeal at the risk of waiving his right to appeal his removal places an unnecessary burden on him.

¶16     Accordingly, we modify the initial decision to automatically refile the appellant's removal appeal on January 31, 2017, if he already has not refiled his appeal in accordance with the following:  (1) within 30 days from the date he is informed by a medical health professional that he is able to understand the current Board proceedings and/or assist his designated representative in proceedings before the Board; or (2) within 60 days from the date he has an attorney or other individual who is willing to represent him before the Board.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                Jennifer Everling
                Acting Clerk of the Board

Washington, D.C.